# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Gamada A. Hussein,<br><br>                    Plaintiff,<br><br>v.<br><br>William Barr, *U.S. Attorney General*,<br>U.S. Department of Justice, Christopher<br>A. Wray, *Director, Federal Bureau of*<br>*Investigation*, Federal Bureau of<br>Investigation, and John Does,<br><br>                    Defendants. | Case No. 19-cv-292 (JRT/HB)<br><br><br><br>**REPORT AND**<br>**RECOMMENDATION** |

Gamada A. Hussein, pro se, Saint Paul, Minnesota

Ana H. Voss, United States Attorney's Office, Minneapolis, Minnesota, for Defendants.

HILDY BOWBEER, United States Magistrate Judge

The above-captioned case comes before the undersigned on Defendants' Motion to Dismiss [Doc. No. 10]. Defendants' motion was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B)–(C) and District of Minnesota Local Rule 72.1 for a report and recommendation. (Order of Referral [Doc. No. 18].) For the reasons stated below, the Court will recommend that Defendants' motion be granted.

## I.    BACKGROUND

### A.    The Instant Lawsuit

Plaintiff initiated this lawsuit on February 7, 2019, alleging various wrongs

perpetuated by the Defendants spanning a period of ten years. For example:

> Defendants acting in concert and each of them individually have conspired
> and contributed to the unlawful acts against plaintiff, which include intense
> surveillance, physical, mental and psychological torture, oppression,
> harassment, discrimination, abuse, threats against his life, attempted
> assassination, intimidation, invasion of privacy and defamation by the
> government agencies (Police department, Sheriffs, State Troopers, local
> undercover agents, CIA, CIA undercover agents, FBI, and FBI undercover
> agents) since 2008 and still going on. The harm against plaintiff was also
> carried out by many other government agencies, officials and personnel
> who were only acting on the orders of and misinformation from defendants,
> including FBI special agents.

(Compl. [Doc. No. 1 ¶ 18].)  The alleged harms also include being "radiated three times,

poisoned multiple times, and given carcinogens several times, even plaintiff heard people

talking about when plaintiff is going to die."  (*Id.* ¶ 102.)

Plaintiff alleges these and other actions violate various statutory and constitutional

provisions.  *See, e.g.*, (*id.* at 52–66.)  In total, Plaintiff brings fifteen claims against the

Defendants: (I) violations of the Fourth Amendment for taking his wallet at the Hennepin

County Medical Center; (II) violations under 5 U.S.C. § 552(a) for disseminating private

records without Hussein's consent; (III) discrimination under 42 U.S.C. § 1981 for

interfering with "existing contracts of employment," (IV) violations under 42 U.S.C. §

1983, the Fourth Amendment, and the Fourteenth Amendment for discriminatory actions

based on Hussein's race and country of origin; (V) violation of the Fifth Amendment due

to First Amendment deprivations of free speech; (VI) unspecified additional violations

under 42 U.S.C. §§ 1983 and 1985 for exercising his First Amendment Rights; (VII) a

civil cause of action for criminal mail-theft under 18 U.S.C. § 1708; (VIII) battery; (IX)

invasion of privacy including intrusion upon seclusion (IX(a)) and false light (IX(b)); (X)

defamation; (XI) intentional infliction of emotional distress; (XII) violation of the Eighth

Amendment against cruel and unusual punishment for the severe torture he has

experienced at the hands the United States government; (XIII) false imprisonment; (XIV)

violations of 5 U.S.C. § 552(a) for failing to disclose records Plaintiff has requested; and

(XV) a civil cause of action for hate crimes under 28 U.S.C. § 994. (*Id.*).

As would be expected from a seventy-one-page Complaint comprising more than

221 paragraphs, Plaintiff's allegations are extensive.  The Court will not recite the

entirety of the Complaint, but provides certain examples that are representative of the

nature of the allegations.  For instance,

> Towards the end of May 2011, Plaintiff went to Como Park in St.
> Paul, with his fiancée.  He noticed that people were looking at them
> suspiciously and plaintiff cannot even count how many times he was
> followed around, harassed, and intimidated by police and undercover FBI
> agents whenever and wherever he went out with his fiancée.

(Compl. ¶ 30.)  With respect to his allegations of being poisoned, Plaintiff alleges that his

co-workers were whispering that he was "still fully functional" and "[t]hat confirmed

plaintiff was given some toxin and they were checking whether it affected the way it was

intended."  (*Id.* ¶ 38.)   With respect to his allegations of discrimination, Plaintiff alleges

> On April 23, 2013, plaintiff showed up at his work place in Freeman
> Neosho hospital for his first training.  FBI undercover agent came from
> behind and told plaintiff's trainer, "*He is hard to train.*"  She replied, "*We
> already know that.*"  That same information was used for revenge when
> plaintiff had a personal conflict over alteration [sic] with a coworker.  The

3

trainer was trying to push plaintiff into mistakes by messing up the specimens.

(*Id.* ¶ 46 (emphasis in original).)  With respect to his allegations of being irradiated by Defendants, Plaintiff alleges

> For days plaintiff felt fatigue and burning sensation all over his body and was vomiting.  On . . . September 21, 2014, plaintiff when to Saint Joseph's Hospital in Saint Paul.  When plaintiff got to the hospital, the law enforcement (Saint Paul Police and FBI undercover agents) were already there; some were talking about plaintiff's [sic] wanting to be a transformational president like President Barack Obama in his country of Origin, Ethiopia.  At some point they were worried about the nature of Plaintiff's death.  Plaintiff was given three IVs and pain killers.  The hospital staff was already informed about Plaintiff.

(*Id.* ¶ 80.)  Plaintiff also alleges other attempts on his life, including that "Defendants tried to use a laser light to assassinate plaintiff.  Before the attempt on his life, plaintiff heard them saying that somebody is going to train them on how to do the covert operation."  (*Id.* ¶ 77.)  As another example of the allegations generally, Plaintiff alleges "Defendants can read and mess up with plaintiff's complaint as he writes on his laptop; defendants have also capacity to delete or replace the contents of the plaintiff's complaint anything they want.  Defendants are liable for trying so hard to deter plaintiff from seeking justice or legal remedies." (*Id.* ¶ 133.)

### B.    Plaintiff's Prior Lawsuit

Plaintiff filed a previous lawsuit in 2016, captioned *Hussein v. Sessions et al.*, 16-cv-780 (SRN/SER) (hereinafter "Hussein I").  The operative pleading in that case was highly similar to the Complaint in the instant lawsuit.  *See* Am. Civil Rights Compl., *Hussein I* [Doc. No. 18].  The Honorable Susan Richard Nelson, United States District

Court Judge, dismissed Plaintiff's second amended complaint in that case, noting that Plaintiff's allegations "although extensive, are highly speculative, conclusory, and not grounded in fact." *Hussein I*, 2017 WL 1954767, at *1 (D. Minn. May 10, 2017).

Plaintiff appealed Judge Nelson's decision in *Hussein I* to the Eighth Circuit, which affirmed the dismissal of all claims. *Hussein v. Sessions*, 715 F. App'x 585, 586 (8th Cir. 2018) (per curiam). Plaintiff then filed a petition for writ of certiorari to the United States Supreme Court, which was denied on January 7, 2019. *Hussein v. Whitaker*, 139 S. Ct. 832 (2019).

One month after his petition for certiorari was denied, Plaintiff filed this lawsuit. The first eleven causes of action alleged in the instant complaint are essentially identical to the first eleven causes of action asserted in *Hussein I*,[1] although Plaintiff's twelfth through fifteenth causes of action asserted in this case were not asserted in *Hussein I*. The alleged factual underpinnings of the respective complaints are also largely overlapping; the principal differences can be summarized as follows: Plaintiff now alleges that (1) Defendants' actions occurred for ten years instead of eight; (2) the law enforcement agencies that harassed him included not only federal agencies but state and local agencies as well; (3) Plaintiff has lost six jobs instead of four jobs because of Defendants' actions; and (4) that Defendants are being sued in both "official and unofficial capacities."[2] *Compare, e.g.*, (Compl. ¶¶ 19–20, 26, 28, 43–44, 59, 80–84, 94,

---

[1] *Compare* (Compl. ¶¶ 137–202), *with* (Second Am. Compl., *Hussein I* [Doc. No. 18 ¶¶ 108–72]).

[2] Plaintiff also added some (mostly conclusory) language to his Complaint in this case to further characterize the conduct of Defendants.

102–08), *with* (Second Am. Compl., *Hussein I* [Doc. No. 18] ¶¶ 17, 23, 25, 40–41, 55, 77–81, 91, 99–105]; *see also* Compl. at 1 (asserting "official and unofficial" capacity claims).)

## II.    DISCUSSION

Defendants bring their motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  In support of their motion, Defendants argue that Plaintiff's first eleven claims are barred by principles of res judicata in light of the decision in *Hussein I*, and that even if they are not barred by res judicata, the reasoning underlying Judge Nelson's decision in that case applies equally here.  Defendants also argue that Plaintiff's claims XII to XV, although newly asserted, are deficient for the same reasons as claims I through XI.  *See generally* (Mem. in Supp. of Mot. to Dismiss [Doc. No. 11].)  Plaintiff responds that the dismissal of his claims in *Hussein I* was without prejudice and that the decision in that case therefore cannot be accorded preclusive effect.  (Mem. in Supp. of Pl.'s Opp'n to Defs.' Mot. to Dismiss, "Mem. in Opp'n to Mot. to Dismiss" [Doc. No. 21 at 5].)    More generally, Plaintiff asserts that the Court must accept as true all of his statements and, therefore, he has pleaded sufficient facts to survive Defendants' dispositive motion.  *See generally* (Mem. in Opp'n to Mot. to Dismiss.)

### A.    Claims I Through XI

Defendants argue the first eleven claims are barred by res judicata because of the decision in *Hussein I*.  They acknowledge *Hussein I* was dismissed without prejudice, but point to the Eighth Circuit's statement in *Micklus v. Greer*, 705 F.2d 314, 317 (8th Cir.

1983), that a "failure to state a claim on which relief may be granted . . . is [a] dismissal

on the merits." Therefore, they reason, the dismissal of *Hussein I* must be viewed as a

dismissal on the merits, which in turn triggers the application of res judicata. (Mem. in

Supp. at 7.)  The Court does not agree.  First, some of the claims in *Hussein I* were

dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.  *See, e.g.*

*Hussein I* at *6 (dismissing Plaintiff's FTCA claims (XIII-XI) for lack of subject matter

jurisdiction).  Claims dismissed for lack of subject matter jurisdiction are necessarily

dismissed without prejudice.  *See Roth v. United States*, 476 F. App'x 95, 96 (8th Cir.

2012) (per curiam) (stating that a dismissal premised on subject matter jurisdiction is one

without prejudice and citing cases.).  Further, even as to the claims dismissed pursuant to

Rule 12(b)(6) for failure to state a claim, Defendants read too much into *Micklus*.  It is

true, as the court observed in *Phoenix Entm't Partners, LLC v. Star Music, Inc.*, No. 16-

cv-4078 (PJS/FLN), 2017 WL 5714021, at *5 (D. Minn. Nov. 28, 2017), that dismissals

under Rule 12(b)(6) are "commonly with prejudice."  Indeed, "[u]nless the dismissal

order states otherwise, a dismissal under this subdivision (b) and any dismissal not under

this rule—except one for lack of jurisdiction, improper venue, or failure to join a party

under Rule 19—operates as an adjudication on the merits."  Fed. R. Civ. P. 41(b).  But

Judge Nelson explicitly dismissed all eleven claims in *Hussein I without prejudice,* and

the Eighth Circuit has held in cases where the first action was dismissed without

prejudice that "the conditions of res judicata are not met."  *Smith v. Missouri Dep't of*

*Corrections*, 207 F. App'x 736, 736 (8th Cir. 2006) (citing cases).

But even though res judicata does not apply to the eleven claims that the instant case has in common with *Hussein I*, the Court nevertheless recommends that these claims be dismissed because the new complaint adds nothing to change the outcome arrived at by Judge Nelson in *Hussein I*—an outcome the Eighth Circuit affirmed.  As the following discussion demonstrates, the reasons articulated by Judge Nelson and affirmed by the Eighth Circuit are equally applicable and persuasive here.

Addressing Plaintiff's constitutional claims contained within claims I, IV, and V, Judge Nelson first found that insofar as those claims sought monetary damages from the United States or its agencies for alleged constitutional violations, the Court lacked subject matter jurisdiction because the United States has not waived sovereign immunity for such actions.  *Id.* at *3. Regarding any possible claim for non-monetary (i.e., injunctive) relief for the alleged constitutional violations, Judge Nelson concluded that Plaintiff

> fails to plausibly connect Defendants to any of the actions he alleges violated his constitutional rights. As the magistrate judge observed, the SAC is composed primarily of "conclusory allegations and bare assertions with little to no factual support." (R&R, [*Hussein I*, Doc. No. 35] at 19.)  In particular, despite alleging that Defendants are responsible for the wrongs he says have been perpetrated against him, Hussein provides absolutely no facts that—even if true—would allow a jury to conclude as much. To avoid needless repetition, the Court will not provide a detailed analysis of the SAC's factual deficiencies here—the R&R has done so accurately and comprehensively. (See R&R, [*Hussein I*, Doc. No. 35] at 18–22.) It is enough simply to note that, despite its great length, the SAC fails to suggest a "reasonable inference that the defendant[s are] liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Absent such a connection, Hussein's complaint fails to state any constitutional claim upon which relief can be granted, and the pertinent counts must be dismissed.

*Id.* at *4 (final alteration in original).

Turning to claim II, Judge Nelson concluded Plaintiff had failed to "assert facts sufficient to allow the Court to determine from the face of the complaint whether the limitations period has been complied with before it can exercise jurisdiction" over Plaintiff's Privacy Act claim.

> [T]here is simply no information from which the Court can make a clear determination of when his Privacy Act claim arose. Accordingly, the Court can only conclude that Hussein has failed to properly allege that this Court has subject matter jurisdiction over that claim, and it must be dismissed.

*Id.* at *4. While the Eighth Circuit on review of *Hussein I* expressed some doubt that the limitations period was jurisdictional, it held that even if the district court had jurisdiction to consider Plaintiff's claim under 5 U.S.C. § 552(a), his complaint as to that count nevertheless failed to state a claim for relief. 715 F. App'x at 586 ("Upon de novo review, we conclude that even assuming the district court had jurisdiction to consider Hussein's claim under the Privacy Act, the complaint failed to state a claim, and we affirm the dismissal of the remaining claims for the reasons stated by the district court.").

Plaintiff's claims III, IV, and VI in *Hussein I* also asserted statutory causes of action, specifically under 42 U.S.C. § 1981, 1983, and 1985, respectively. But as Judge Nelson noted, §§ 1981 and 1983 are limited to actions taken "under color of state law" and do not apply to the United States, and the Eighth Circuit has also held the United States is not subject to suit under § 1985. Because Plaintiff sued only the United States

or its agencies, Judge Nelson concluded the claims asserted under these statutes "must be dismissed."[3]  *Id.* at *4.

Concerning claim VII, Judge Nelson concluded in *Hussein I* that 18 U.S.C. § 1708 did not provide a private cause of action and dismissed the claim under Rule 12(b)(6).  *Id.* at *5.

Finally, as to claims VIII thru XI, Judge Nelson noted that Plaintiff had not alleged "that he has presented his claims to the appropriate federal agencies, and that those claims have been denied in writing."  *Id.* at *6.  "Without such allegations, the complaint is not in conformity with § 2675(a), and 'conformity with § 2675(a) is a jurisdictional term of the FTCA's[4] limited waiver of sovereign immunity.'"  *Id.* (quoting *Mader v. United States*, 654 F.3d 794, 808 (8th Cir. 2011)).  Accordingly, Judge Nelson dismissed those claims under Rule 12(b)(1) for lack of subject matter jurisdiction.

Although Plaintiff included some new allegations in his current complaint, they do nothing to undermine the applicability of Judge Nelson's reasoned analysis to the instant case.  For example, the addition of "unofficial capacity" (which the Court takes to mean individual capacity) claims against Whitaker and Wray does not rescue Plaintiff's claims for monetary damages for alleged constitutional violations because there is not a single

---

[3] Although Judge Nelson did not specify that she was dismissing these claims under Rule 12(b)(6), it is well-settled that that claims under 42 U.S.C. § 1983 do not state a claim for relief when the alleged actions are not under color of state law.  *See Lind v. Midland Funding, L.L.C.*, 688 F.3d 402, 405 (8th Cir. 2012) (citing *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978)).  The analysis for §§ 1981 and 1985 leads to the same result. *Hussein I*, 2017 WL 1954767, at *4 (citing cases).
[4] The FTCA is the Federal Torts Claim Act, codified at 28 U.S.C. §§ 2671–2680.

factual allegation describing or even suggesting personal involvement on the part of either of those individuals.  Indeed, Whitaker and Wray are not mentioned at all beyond being listed in the case caption and identified as parties to the lawsuit. *See* (Compl. at 1, 3 ¶¶ 12, 14.)  This is insufficient "to allege facts supporting any individual defendant's personal involvement or responsibility for the violations."  *Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999).  Consequently, to the extent any of Plaintiff's first eleven claims seek to include individual capacity claims, they should still be dismissed under Rule 12(b)(6) because they fail to state a claim upon which relief may be granted.

Similarly, Plaintiff's new allegations that he has been harassed and surveilled by *state* law enforcement do not go far enough to ameliorate the deficiencies identified by Judge Nelson with respect to the claims arising under §§ 1981, 1983, and 1985.  First, none of the named Defendants are state actors.  Second, Judge Nelson found nothing in the complaint in *Hussein I* to suggest that any of the named Defendants' actions were taken "under color of state law."  *Cf. Hussein I*, 2017 WL 1954767, at *4.  The complaint in the instant case adds nothing to warrant a different conclusion.

Plaintiff's allegation that the conduct of which he complains has been going on for ten years, instead of the eight years at issue in *Hussein I*, is likewise unavailing. Plaintiff's allegations are flawed because they do not establish subject matter jurisdiction and/or fail to plausibly state a claim for relief.  *See id* at *4–6*.  Extending the timeframe of the allegations for another two years does nothing to fix this fundamental pleading deficiency.  *Cf. id.* at *1, 4–6.

Likewise, Plaintiff's allegation that he has now lost six jobs instead of the four alleged in *Hussein I* does not salvage claims I thru XI. This change to the pleading relates to damages, not liability. Where the pleading does not plausibly allege that defendants are liable for the underlying conduct, or that the Court can exercise jurisdiction over the dispute, changes to the damages sought are inconsequential to the sufficiency of the pleading because it does not alter whether Plaintiff "raise[d] a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

Furthermore, Plaintiff has done nothing in his new complaint to indicate that he has remedied the jurisdictional deficiency in his FTCA claims (VIII through XI) by filing an administrative tort claim with the appropriate governmental agency. To the contrary, Defendants have filed two declarations attesting that neither the Department of Justice nor the Federal Bureau of Investigation have received a federal tort claim from Plaintiff. *See generally* (Jenkins Decl. [Doc. No. 12]; Voss Decl. [Doc. No. 13].[5])

Finally, Plaintiff's additional conclusory allegations do nothing to alter Judge Nelson's analysis. It is true that well-pleaded facts must be presumed true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

---

[5] While these declarations are considered matters outside the pleading, "[t]he district court has authority to consider matters outside the pleadings when subject matter jurisdiction is challenged under Rule 12(b)(1)." *Osborn v. United States*, 918 F.2d 724, 728 n.4 (8th Cir. 1990) (citing *Land v. Dollar*, 330 U.S. 731, 735 & n.4 (1947); *Satz v. ITT Fin. Corp.*, 619 F.2d 738, 742 (8th Cir.1980)).

For these reasons, the Court recommends that Plaintiff's claims I, IV, and V (insofar as those claims seek monetary damages for constitutional violations against the Defendants in their official capacities), and VIII thru XI be dismissed under Rule 12(b)(1). The Court further recommends that all other claims[6] be dismissed under Rule 12(b)(6).

### B.    Claims XII Through XV

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While the Court must "accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party," *United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir.2000), "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

As already noted, Plaintiff's arguments that his allegations of fact must be accepted as true are unavailing here because his allegations simply do not rise beyond the

---

[6] Specifically, this would include claims II, III, VI, and VII, the portions of claims I, IV, and V that seek injunctive relief for alleged constitutional violations against Defendants in their official capacities, the portion of claim IV that seeks relief under 42 U.S.C. § 1983, and all claims against Defendants Whitaker and Wray in their individual capacities.

speculative level.  *Cf. Hussein I*, 2017 WL 1954767, at *1, 4–6.  Such speculative

statements are insufficient to satisfy the pleading standard under Federal Rule of Civil

Procedure 8, and therefore Plaintiff's Complaint fails to state a claim for which relief can

be granted.  *See Twombly*, 550 U.S. at 550.  Thus, even though Plaintiff is asserting some

new causes of action here, they are premised on the same underlying allegations that

Judge Nelson found (and the Eighth Circuit agreed) were "highly speculative,

conclusory, and not grounded in fact."  *Hussein I*, 2017 WL 1954767, at *1.   In other

words, in many respects, the same rationale Judge Nelson articulated in support of her

order dismissing Plaintiff's first eleven claims in *Hussein I* (and that this Court finds

justifies dismissal of those same claims in this case) also applies to claims XII thru XV

herein.

### 1.     Claims XII and XIII

Plaintiff asserts in claim XII that Defendants violated his Eighth Amendment right

to be free from cruel and unusual punishment.  (Compl. at 62–63.)  In particular, he

alleges that "for more than a decade defendants persecuted, tortured, invaded, degraded,

denigrated, dehumanized, humiliated, and abused the plaintiff for no reason other than

malice, hatred, the abuse of process, researches, businesses, and partly for standing up for

his rights and his family's rights." (*Id.* ¶ 205.)  Plaintiff then goes on to state

> Defendants also inserted chips into plaintiff's body and through inserted
> chips they deprive plaintiff sex, normal breathing, heartbeats, normal
> speech, normal body movements, and normal mood. All these above
> described actions constitute cruel, unusual punishments, or tortures;
> defendants are liable for their wanton and reckless actions without regard to
> plaintiff's Constitutional rights to be free from tortures, cruel, and unusual
> punishments.

(*Id.* ¶ 206.)

In claim XIII, Plaintiff asserts a cause of action for false imprisonment, alleging that Defendants have "confined plaintiff in a digital prison willfully and intending to confine plaintiff without plaintiff['s] consent and without authority of law" by "inserting microchips into plaintiff's body and through inserted microchips they deprive plaintiff sex, normal breathing, heartbeats, normal speech, normal body movements, normal feelings, normal body function, and normal mood." (*Id.* ¶¶ 134, 210.)

To the extent Plaintiff seeks monetary redress for constitutional violations of the Eighth Amendment (claim XII) and the Fifth Amendment (claim XIII) against the United States or its agencies under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 395–97 (1971),[7] Plaintiff's claims must be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) because *Bivens* does not apply to federal agencies or officials sued in their official capacity. *Cf. Hussein I*, 2017 WL 1954767, at *3. To the extent he seeks such redress against individual Defendants, his claims should be dismissed for failure to state a claim under Rule 12(b)(6) because, as already discussed, his Complaint attributes no specific conduct to either of the individual Defendants. And to the extent these claims are intended to seek injunctive relief against the United States as a result of the alleged constitutional violations, the Court finds that here, as in *Hussein I,* Plaintiff has failed to "plead facts such that the court can draw 'a

---

[7] It is well-settled that *Bivens* applies to allegations of due process violations under the Fifth Amendment and to allegations of cruel and unusual punishment in violation of the Eighth Amendment. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1848 (2017) (citing cases).

reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* at *4–6 (quoting *Twombly*, 550 U.S. at 556).

If Plaintiff intended also to assert common law tort actions in his claims XII and XIII,[8] Plaintiff has once again failed to exhaust his administrative remedies under the FTCA because he has not taken the initial step of presenting a claim to the appropriate administrative agencies. *See* (Jenkins Decl.; Voss Decl.)  This is a prerequisite for the government's waiver of sovereign immunity. *See* 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 107 (1993); *see also Hussein I*, at *5–6.  Thus, any such tort claims should be dismissed for lack of subject matter jurisdiction. *Cf. Hussein I*, at *6.

## 2.    Claim XIV

Claim XIV asserts a violation of the Freedom of Information Act, 5 U.S.C. § 552 (Compl. ¶¶ 213–17.)

> Under 5 U.S.C. § 552(a)(4)(B) federal jurisdiction is dependent upon a showing that an agency has (1) "improperly"; (2) "withheld"; (3) "agency records." Judicial authority to devise remedies and enjoin agencies can only be invoked, under the jurisdictional grant conferred by § 552, if the agency has contravened all three components of this obligation.

*Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980).  Here, Plaintiff's allegations are devoid of any indication of what agency records are being withheld.  Plaintiff only asserts that "[w]hile defendants have been sharing all kinds of . . . plaintiff's protected records with coworkers, proctors, instructors, and general

---

[8] The Court recognizes that claim XII expressly identifies only a violation of the Eighth Amendment.  *See* (Compl. at 62.)  But construing the pleading liberally, the allegations may also implicate certain common law torts such as battery and assault.

public for hears; defendants refused to release plaintiff records when plaintiff formally requested." (Compl. ¶ 214.) Drawing every reasonable inference in Plaintiff's favor and construing Plaintiff's Complaint liberally as it must under the law, the Court has no idea what "agency records" Plaintiff alleges were withheld, let alone sufficient concrete allegations of fact to support a plausible claim that they were withheld "improperly."[9] Plaintiff's "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and without establishing the necessary jurisdictional prerequisites under the Freedom of Information Act, the Court lacks subject matter jurisdiction to address claim XIV. *Accord Iqbal*, 556 U.S. at 676; *Kissinger*, 445 U.S. at 150.

### 3. Claim XV

Claim XV asserts violations of the Violent Crime Control and Law Enforcement Act, 28 U.S.C. § 994. That statute does not confer a private right of action. "[P]rivate rights of action to enforce federal law must be created by Congress." *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001). For laws enacted by Congress, "[t]he judicial task is

---

[9] Furthermore, while Plaintiff's exhibits attached to his Complaint suggest he filed *something* that could be construed as one or more FOIA requests, *see, e.g.*, (Compl. Exs. K-1, M-1, M-3 [Doc. No. 1-2 at 49, 58–60]), it is unclear from the requests and the allegations in Plaintiff's Complaint whether: (1) the alleged FOIA violations pertain to these requests, or (2) whether he took all necessary steps to properly exhaust his administrative remedies if the requests were initially denied (although given the representations in exhibit K-1, the Court is skeptical that exhaustion occurred). Regardless, for the reasons stated elsewhere, even if the Court assumes for the sake of argument that Plaintiff exhausted his administrative remedies under the FOIA, it does not cure the fundamental pleading deficiencies outlined herein that deprive the Court of subject jurisdiction to address claim XIV.

to interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy." *Id.* In general, courts first look to the plain language of the statutory text to determine congressional intent. *See United States v. Gonzales*, 520 U.S. 1, 6 (1997) (stating that when statutory language is clear "there is no reason to resort to legislative history" to determine its meaning).

Under the plain language of the statutory text, 28 U.S.C. § 994 establishes the duties of the United States Sentencing Commission to establish "guidelines, as described in this section, for use of a sentencing court in determining the sentence to be imposed in a criminal case," "general policy statements regarding application of the guidelines or any other aspect of sentencing or sentence implementation," and "guidelines or general policy statements regarding the appropriate use of the provisions for revocation of probation . . . and the provisions for modification of the term or conditions of supervised release and revocation of supervised release." 28 U.S.C. §§ 994(a)(1)–(3). Nowhere does 28 U.S.C. § 994 expressly enable private causes of action. Consequently, 28 U.S.C. § 994 confers no private right of action, and Plaintiff's claim XV directed thereto must be dismissed for failure to state a claim upon which relief can be granted. *See Fair v. Verizon Commc'ns Inc.,* 621 F. App'x. 52, 53 (2d Cir. 2015) ("Determinations that a federal statute does not provide a private right of action are typically subject to dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.").

## III.    POTENTIAL FUTURE FILING RESTRICTIONS

The fact that Plaintiff refiled his first eleven claims a month after being denied a writ of certiorari—without curing *any* of the pleading deficiencies and apparently without

18

making an attempt to exhaust his administrative remedies—is troubling.  In light of the

litigation history of his prior lawsuit, Plaintiff could not reasonably have believed that

this new complaint would survive a motion to dismiss under one or both of Rules

12(b)(1) or 12(b)(6).  Thus, the Court finds claims I thru XI to be frivolous.  *See Pankey*

*v. Webster*, 816 F. Supp. 553 (1993) ("'Frivolous' [claims] are those which 'lack an

arguable basis in law or fact' because they contain 'inarguable legal conclusions' or

'fanciful factual allegation[s].'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)

(alteration in original))).  And because Plaintiff's claims XII thru XV are largely if not

entirely derivative of his original eleven claims,[10] these claims are also frivolous in view

of the rationale underlying Judge Nelson's order in *Hussein I*, and the subsequent

affirmance of that order by the Eighth Circuit in *Hussein v. Sessions*, 715 F. App'x 585.

*Cf. Neitzke v. Williams*, 490 U.S. at 325.

　　　　Furthermore, the Court notes that Plaintiff has recently filed lawsuits asserting

very similar allegations against various defendants in *Hussein v. Trump*, 19-cv-1718

(ECT/BRT), and *Hussein v. Minnesota*, 19-cv-1913 (DSD/TNL).  While these two cases

are in their infancy (the 19-cv-1913 case was filed on July 19, 2019), the recent filing

activity by Plaintiff in this District only underscores the Court's concerns.  Consequently,

if this Report and Recommendation is adopted with respect to dismissal of Plaintiff's

---

[10]  For example, Plaintiff's failure to exhaust administrative remedies under the FTCA,
the basis for the Court's recommendation that his claims XII and XIII be dismissed for
lack of subject matter jurisdiction, was squarely addressed by Judge Nelson in *Hussein I*.
And Plaintiff's allegations in the instant case remain just as "speculative, conclusory, and
not grounded in fact" as they were in *Hussein I*.  *Cf.* 2017 WL 1954767, at *1.

claims, the Court respectfully further recommends that Plaintiff be warned that if he continues to attempt to litigate frivolous claims in this District, he may be prevented from filing these or other similar claims in the future. *See In re Tyler* 839, F.2d 1290, 1293 (8th Cir. 1988) ("Defendants have a right to be free from harassing, abusive, and meritless litigation . . . . Federal courts have a clear obligation to exercise their authority to protect litigants from such behavior.")

In addition, because the Court does not see any realistic possibility that Plaintiff's claims and allegations in this case could be amplified sufficiently to state a cognizable claim for relief, the Court recommends that Plaintiff not be granted an opportunity to amend his Complaint and that any claims dismissed for failure to state a claim under Rule 12(b)(6)—i.e., claims II, III, VI, VII, and XV, the portions of claims I, IV, V, XII, and XIII that seek injunctive relief for alleged constitutional violations against Defendants in their official capacities, the portion of claim IV that seeks relief under 42 U.S.C. § 1983, and all claims against Defendants Whitaker and Wray in their individual capacities—be dismissed with prejudice. *Accord* Fed. R. Civ. P. 41(b); *Grawitch v. Charter Commc'ns, Inc.*, 750 F.3d 956 (8th Cir. 2014) (affirming Rule 12(b)(6) dismissal with prejudice of original complaint); *Ulrich v. Pope Cty.*, 715 F.3d 1054 (8th Cir. 2013) (same); *Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909 (8th Cir. 2002).

## IV.   RECOMMENDATION

Based on all the files, records, and proceedings herein, **IT IS HEREBY**

**RECOMMENDED** that Defendants' Motion to Dismiss [Doc. No. 10] be **GRANTED**

consistent with this Report and Recommendation and this case be **DISMISSED.**

Dated: July 31, 2019

*s/Hildy Bowbeer*
HILDY BOWBEER
United States Magistrate Judge

### Notice

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).