# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| GAMADA A. HUSSEIN,<br><br>                          Plaintiff,<br><br>v.<br><br>WILLIAM BARR, U.S. Attorney General, U.S. DEPARTMENT OF JUSTICE, CHRISTOPHER A. WRAY, Director, Federal Bureau of Investigation, FEDERAL BUREAU OF INVESTIGATION, and JOHN DOES,<br><br>                          Defendants. | Case No. 19-cv-292 (JRT/HB)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

Gamada A. Hussein, P.O. Box 4128, Saint Paul, MN 55104, *pro se* plaintiff.

Ana H Voss, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE,** 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for defendants.

Plaintiff Gamada A. Hussein brought this action on February 7, 2019, against the Attorney General, the United States Department of Justice, the Federal Bureau of Investigation and its Director, and unknown John Does. Hussein alleges that government actors have been causing him harm for years by various methods – surveillance, poison, radiation, carcinogens, and implanted microchips.

Presently before the Court is a report and recommendation ("R&R") issued by United States Magistrate Judge Hildy Bowbeer on Defendants' Motion to Dismiss. Because the Court concludes that it lacks jurisdiction for certain claims, and that Hussein

has failed to state a claim as to the remainder, the Court will overrule Hussein's Objections and deny his Motion, adopt the Magistrate Judge's R&R, grant Defendants' Motion, and impose restrictions on Hussein's future filings.

## Background

Hussein alleges that he is the victim of persecution and torture at the hands of a variety of government actors. (Compl. ¶¶ 19-20, Feb. 7, 2019, Docket 1.) In his lengthy complaint, Hussein alleges that undercover government agents tracked him and interfered in his personal life (*see, e.g., id.* ¶¶ 24-31); that coworkers attempted to poison him and inject him with pathogens (*id.* ¶¶ 58, 60, 65); that he was subjected to radiation and assassination attempts (*id.* ¶¶66, 77); and other harms. These facts are set out in greater detail in the R&R in this case, as well as the R&R and Order in Hussein's prior case in this District.

Hussein brought his first complaint alleging harmful government intrusions in March 2016 in a case captioned *Hussein v. Sessions et al.* ("*Hussein I*"). (Compl. at 1, 16-cv-780 (SNR/SER), Mar. 28, 2016, Docket No. 1.) In *Hussein I*, the Magistrate Judge recommended dismissal for lack of jurisdiction and for failure to state a claim. *Hussein I*, 2017 WL 8947249 (D. Minn. Mar. 3, 2017). The District Court dismissed the case without prejudice on May 10, 2017. *Hussein I*, 2017 WL 1954767 (D. Minn. May 10, 2017). Hussein appealed to the Eighth Circuit, which affirmed the dismissal. *Hussein v. Sessions*, 715 F. App'x 585, 586 (8th Cir. 2018). On January 7, 2019, the Supreme Court denied certiorari. *Hussein v. Whitaker*, 139 S. Ct. 832 (2019).

One month after the Supreme Court denied certiorari, Hussein filed the present complaint. (Compl. at 1, Feb. 7, 2019, Docket 1.) The allegations in this case are substantially similar to those in *Hussein I*. The first 11 causes of action are essentially identical to the causes of action in *Hussein I*, but Hussein has also added four new counts. *Compare* (*Hussein I*, Second Am. Compl. ¶¶108-172, Docket No. 1 *with* Compl. ¶¶ 137-221.) Defendants moved to dismiss on March 22, 2019. (Defs.' Mot. to Dismiss, Mar. 22, 2019, Docket No. 11.) Hussein filed his response to Defendants' motion on April 2, 2019. (Opp'n. to Mot., Apr. 2, 2019, Docket No. 21.)

The Magistrate Judge issued an R&R and recommended dismissal of Hussein's claims for lack of jurisdiction and for failure to state a claim. (R&R at 13, 16-18, July 31, 2019, Docket No. 30.) The Magistrate Judge also recommended that the Court impose restrictions on any future filings by Hussein. (*Id*. at 18-20.) Hussein filed objections to the R&R on August 6, 2019. (Obj., Aug. 6, 2019, Docket No. 31.) On August 12, Hussein filed additional papers purporting to be a "Motion for Emergency Preliminary Injunction and Memorandum in Support." (Motion, Aug. 12, 2019, Docket No. 32.) The Court construes this filing as additional objections to the R&R. The Court now reviews Hussein's combined objections.

## DISCUSSION

### I. STANDARD OF REVIEW

Upon the filing of an R&R by a magistrate judge, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ.

P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). However, "[o]bjections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to de novo review, but rather are reviewed for clear error." *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015).

## II. HUSSEIN'S OBJECTIONS

Hussein's filings, totaling 43 pages, largely echo the allegations in his complaint. Hussein does not object to the R&R's finding that there is no private right of action under the Violent Crime Control and Law Enforcement Act, 28 U.S.C. § 994. Thus, the Court will adopt the R&R's findings on that issue and will dismiss Count XV.

Hussein's objections as to the Magistrate Judge's findings regarding (1) Hussein's Freedom of Information Act claim, (2) his failure to exhaust administrative remedies, (3) the lack of waiver of sovereign immunity, and (4) the Court's lack of subject matter jurisdiction merely repeat allegations in the Complaint. This Court has reviewed these findings for clear error and found none. Thus, the Court will adopt the R&R's findings as to these issues and dismiss Counts VIII-XIV, as well as the portions of Counts I, IV-V which seek monetary damages for constitutional violations against the Defendants in their official capacities, for lack of jurisdiction under Rule 12(b)(1).

As to the remaining claims, construed liberally, Hussein's filings raise two objections.

First, Hussein objects to the Magistrate Judge's finding that he failed to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Hussein attempts to counter the Magistrate Judge's findings by reciting a litany of additional allegations of harm, including harms caused by witchcraft, drugs, and software controlling his mind and body. Hussein asserts that "Defendants have been inflicting the following inhuman [sic] and cruel acts upon plaintiff through software" and proceeds to list 31 allegations, including that the government software is compelling him to get too much or too little sleep, forcing him to have too much or too little sexual desire, and interfering with his thoughts and feelings. While numerous, Hussein's additional allegations do not alter the issues underlying the Magistrate Judge's findings. Hussein offers no plausible connection between any alleged harm and the Defendants (all counts) and no action by state actors (Counts III, IV, and VI).

Second, Hussein objects to the Magistrate Judge's finding that his claims are frivolous. Refiling materially identical claims after they have been dismissed by the Court, with no attempt to cure deficiencies, is frivolous. *See, e.g, Liebing v. Sand*, No. 17-CV-142-LRR, 2018 WL 3727914, at *7 (N.D. Iowa Aug. 6, 2018); *Prokop v. Nebraska Accountability & Disclosure Comm'n, No.* 4:10CV3176, 2011 WL 839396, at *2 (D. Neb. Mar. 7, 2011), *aff'd*, 437 F. App'x 524 (8th Cir. 2011).

Hussein's Complaint contains substantially similar facts as his prior litigation in this District. The Court explained in *Hussein I* that those allegations, "while extensive, [were] highly speculative, conclusory, and not grounded in fact." *Hussein I*, 2017 WL 1954767, at *1. The Court then dismissed all of his claims for lack of jurisdiction and for failure to state a claim. *Id.* Hussein did not remedy any of the pleading deficiencies, including administrative exhaustion, noted by the Court in *Hussein I*.

As such, Hussein's objections will be overruled, and the Magistrate Judge's R&R will be adopted as to the remainder of Hussein's claims.

## III. FILING RESTRICTIONS

The Magistrate Judge also recommended that the Court order that Plaintiff obtain prior permission from the District of Minnesota before filing any action in this District containing the same or similar allegations as those in this action. In addition to *Hussein I* and this case, Hussein has filed six additional cases in this District in 2019.

| | | |
|---|---|---|
| 0:19-cv-00046-JNE-LIB | *Hussein v. Essentia Health* | filed 01/08/19 |
| 0:19-cv-00047-JNE-LIB | *Hussein v. Fairview Health Services* | filed 01/08/19 |
| 0:19-cv-01718-ECT-BRT | *Hussein v. President Donald J. Trump et al.* | filed 6/28/19 |
| 0:19-cv-01913-DSD-TNL | *Hussein v. Minnesota et al.* | filed 07/19/19 |
| 0:19-cv-02058-JRT-KMM | *Hussein v. Office of Inspector General Central Intelligence Agency et al.* | filed 07/31/19 |
| 0:19-cv-02469-ECT-BRT | *Hussein v. Department of Employment & Economic Development et al.* | Filed 9/09/19 |

The complaints against Hussein's former employers Essentia Health and Fairview Health Services allege, for the most part, that these two entities aided and benefitted from the government's surveillance, torture, and mind control of Hussein. The complaints against President Trump, the state of Minnesota, and the Office of Inspector General and the Central Intelligence Agency all arise out of the same general allegations as this complaint – that government actors have caused harm through mind control, drugs, torture, witchcraft, and software and microchips inserted in his body. Hussein's most recent complaint alleges that Hussein was denied unemployment benefits in order to help the CIA, FBI, undercover agents and other law enforcement in their ongoing assault, torture and mind control of Hussein. Hussein's pleadings in these eight actions approach 1000 pages.

Given the Court's inherent authority to manage its docket, Hussein's vast amount of filings, and the fact Hussein has now filed eight federal actions based on the same core allegations, the Court will require that Hussein obtain permission from the District of Minnesota before filing any other actions in this District based on the same or similar allegations as those in this action. *See O'Grady v. Anoka Cty. Bd. of Comm'rs*, 333 F. App'x 147, 148 (8th Cir. 2009); *Van Deelan v. City of Kansas, Mo.*, 2007 WL 3101816 (8th Cir. Oct.19, 2007).

## CONCLUSION

Because the Court lacks jurisdiction to hear certain claims, and because Hussein has failed to state a claim upon which relief can be granted as to the remainder, the Court will overrule Hussein's objections, adopt the Magistrate Judge's R&R, and grant Defendants'

Motion to Dismiss. Furthermore, the Court will impose restrictions on Hussein's future filings in this District.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objections to the Report and Recommendation [Docket No. 31] are **OVERRULED,** Plaintiff's Motion for Preliminary Injunction is **DENIED** [Docket Nos. 32-36], and the Magistrate Judge's Report and Recommendation [Docket No. 30] is **ADOPTED** consistent with this order;

2. Defendants' Motion to Dismiss [Docket No. 10] is **GRANTED** as described herein;

3. Counts VIII-XIV, as well as the portions of Counts I, IV-V which seek monetary damages for constitutional violations against the Defendants in their official capacities, are **DISMISSED without prejudice;**

4. All remaining Counts are **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that Mr. Hussein may not file anything, including but not limited to new lawsuits, or motions and other papers in pending cases, in the District of Minnesota unless he is represented by counsel or obtains prior court approval.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: September 18, 2019  
at Minneapolis, Minnesota.  

_____  
JOHN R. TUNHEIM  
Chief Judge  
United States District Court